

Signed and Filed: December 18, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>YELLOW CAB COOPERATIVE, INC.,<br><br>      Debtor. | Bankruptcy Case<br>No. 16-30063-DM<br><br>Chapter 11 |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE FOR YELLOW CAB COOPERATIVE, INC.,<br><br>      Plaintiff,<br>v.<br><br>DOUGLAS A. TAYLOR, AND DOES 1-10,<br><br>      Defendants. | Adversary Case No. 18-03075<br><br>Date: November 4, 2019<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA  94102 |

**MEMORANDUM DECISION REGARDING DEFENDANT'S**
**MOTION TO DISMISS ADVERSARY PROCEEDING**

On November 4, 2019, this court held a hearing on the motion of defendant Douglas A. Taylor ("Taylor") to dismiss the Amended Complaint for Professional Negligence, Accounting Malpractice, and Negligence ("Amended Complaint") filed by plaintiff Randy Sugarman, the chapter 11 trustee ("Trustee") for debtor Yellow

-1-

Cab Cooperative, Inc. ("YCC"). For the reasons set forth below, the court is denying Taylor's motion to dismiss (the "MTD").

A. The Amendments to The Complaint Give Rise to a Potential Defense to the *In Pari Delicto* Defense

In the initial complaint, Trustee asserted claims for professional malpractice, accounting malpractice, and conspiracy against Taylor, alleging that Taylor conspired or worked with YCC's officers and directors to permit improper distributions to stakeholders and to shield assets from creditors. Applying California law and precedent from the District Court for the Northern District of California, this court held that the doctrine of *in pari delicto* or "unclean hands" barred Trustee's claims and granted Taylor's initial motion to dismiss, with leave to amend.

The court concluded that the allegations of the initial complaint that Taylor had conspired with YCC's officers and directors to divert funds from creditors precluded Trustee from asserting the "adverse interest exception" to the "unclean hands" doctrine. *See* Memorandum Decision Regarding Defendant's Motion to Dismiss Adversary Proceeding entered on April 29, 2019 at Dkt. No. 13, pp. 9-10. In particular, the allegation that Taylor had conspired with all of YCC's officers and directors gave rise to the "sole actor defense" to Trustee's "adverse interest exception" and the Trustee's claims were barred as a matter of law.

In its Memorandum Decision, the court stated:

> Taylor asserts that any damages arising from the alleged conduct were not caused by him, but by YCC's officers and directors, who have already

-2-

> settled with the Trustee. Causation is a factual issue, and but for the claims being barred under the in pari delicto doctrine, Trustee has alleged sufficient facts to survive a motion to dismiss based on lack of causation.
>
> <u>That said, Trustee may have an independent claim for malpractice against Taylor not arising from and independent of the alleged fraud of the debtor and its members</u>. The court will therefore dismiss all claims in the Complaint, with leave to amend the accounting malpractice claim.

*Id.* at 10 (emphasis added).

In the Amended Complaint, Trustee no longer asserts a conspiracy cause of action against Taylor, nor does he allege a claim for fraud. Instead, the claims that he now asserts – professional negligence, accounting malpractice, and negligence – do not require a showing of intent or scienter by Taylor. Nonetheless, Trustee has revised the initial complaint to allege that Taylor conspired or acted with "<u>certain of</u> YCC's officers and directors, <u>or a subset</u> of YCC's officers and directors, to divest YCC of valuable and necessary assets to allow improper distributions to YCC members[.]" *See* Amended Complaint at Dkt. No. 19 at ¶ 12 (emphasis added); *see also* ¶ 13 of the Amended Complaint. By alleging that Taylor acted with only a subset of YCC's officers, Trustee is attempting to foreclose any application of the "sole actor" exception and the *in pari delicto* defense that gave rise to dismissal of the initial complaint. This allegation is sufficient to defeat Rule 12(b) dismissal on the grounds that "unclean hands" bars Trustee's claims. In other words, these amendments give rise to a potential defense to the *in pari delicto* defense.

-3-

## B. The Court Cannot Base Dismissal on Inconsistencies Between the Initial Complaint and the Amended Complaint

In his MTD, Taylor notes the inconsistencies between the factual allegations of initial complaint (alleging that Taylor conspired with YCC members) and the Amended Complaint (alleging that Taylor conspired with a subset of YCC members). Taylor argues that Trustee is bound by his initial allegations and thus by the court's initial decision to dismiss the adversary proceeding on the grounds of *in pari delicto,* citing *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

In *Airs Aromatics,* the Ninth Circuit affirmed a dismissal of an action without leave to amend, holding that amendment would be futile because a "party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." There, a patent holder suing for infringement contended that the patent was in "usage" during the relevant time period because it was the subject of litigation. The plaintiff admitted to the district court and in its Ninth Circuit appellate briefs, however, that it was "not actively using the marks" and "that its activity was 'effectively on hold' during the period of litigation." Because these admitted facts would preclude the patent infringement action as a matter of law, the district court concluded that leave to amend would be futile. *Id.*

In contrast, Trustee here has made no concessions which would on their face defeat his claims for malpractice and negligence. Therefore, this court will follow the line of Ninth Circuit cases holding that "there is nothing in the Federal

-4-

Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations[.]" *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). As stated in *Williams v. Cty. of Alameda*, 26 F.Supp.3d 925, 936 (N.D. Cal. 2014):

> Additionally, the Court will not consider any facts in the first amended complaint ("FAC") that are not pled in the SAC. In their motion papers, Defendants rely on allegations in the FAC that are not present in the SAC to support their arguments for dismissal. <u>However, it is well-established that an amended pleading supersedes the original pleading and renders it of no legal effect</u>, unless the amended complaint incorporates by reference portions of the prior pleading. . . . While prior pleadings may be admissible in evidence against the pleader, the Court is bound to accept as true allegations in the operative pleading on a motion to dismiss, and generally cannot consider evidence outside the pleadings without converting a motion to dismiss into a motion for summary judgment.

*Id.* (multiple citations and quotations omitted; internal footnote omitted) (emphasis added). In any event, amending the complaint to add "certain" as a modifier to "officers and directors" is not inherently contradictory. To the extent that the Amended Complaint may be inconsistent with allegations made in other state court proceedings, the court cannot address those inconsistencies in the context of a motion to dismiss, as it involves evidence outside the pleadings.

### C. The Court Will Not Require Further Amendment

Trustee is not asserting a fraud claim against Taylor and is no longer pursuing the conspiracy claim against him. Nonetheless, paragraph 13 of the Amended Complaint does allege that Taylor "was complicit with certain members or a subset of

-5-

members of YCC's management's to misrepresent YCC's financial health to its members, the California Office of Self-Insurance Plans, to which YCC reported its compliance annually with workers' compensation self-insurance requirements, and the California Department of Motor Vehicles, to which YCC reported its compliance annually with commercial automobile liability self-insurance regulations."

While these allegations allude to some elements of a fraud claim (misrepresentations), Trustee's claims against Taylor are not predicated on fraud, but on his alleged malpractice and negligence. Moreover, Trustee was not a party to the transactions between YCC and Taylor. Furthermore, the allegations of paragraph 12 that Taylor "conspired" with a subset of YCC's officers and directors to divest YCC of assets, to channel assets to an unrelated entity, and to funnel money away from YCC and its creditors "to line the medallion holders' pockets at the expense of the financial health of YCC," do not implicate a claim for fraud. Consequently, the court will not require Trustee to further amend the complaint to provide more particular details under Federal Rule of Civil Procedure 9(b).

D. <u>Conclusion</u>

In light of the foregoing, the court is denying Taylor's MTD. Trustee should upload an order denying the motion for the reasons set forth in this memorandum decision and comply with B.L.R. 9022-1(c) before uploading the order. The order should also reflect that a status conference will be held on January 31, 2020, at 1:30 p.m.

**END OF MEMORANDUM DECISION**